UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BAC HOME LOANS SERVICING, LP, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) 1:10-cv-940-WTL-DML ) |
| LEVELLE LOWERY a/k/a LAVELLE LOWERY, et al., | ) ) ) ) |
| Defendants. | ) |

## Entry Discussing Motion to Remand

For the reasons explained in this Entry, the motion to remand [5] of plaintiff BAC Home Loans Servicing, LP, ("BAC") must be **granted.**

### Background

On June 30, 2010, BAC filed this mortgage foreclosure action in the Marion Superior Court. The complaint states that BAC holds a mortgage on real estate located at 8839 Timberwood Drive, Indianapolis, Indiana and promissory note given by Levelle and Bill Lowery ("the Lowerys"), who are among the defendants. On July 29, 2010, BAC filed a motion to remand. Also named in the complaint as defendants are Wachovia Mortgage Corporation and Countrywide Home Loans, Inc.

On July 23, 2010, the Lowerys filed a notice of removal. BAC has filed a motion to remand.

### Discussion

"When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court . . . ." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The specific statutory language is this: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating removal was proper. *Schur v. L.A. Weight Loss Centers, Inc.* 577 F.3d. 752, 758 (7th Cir. 2009).

Subject to exceptions not implicated in the circumstances of this case, a case can be removed to federal court when it raises a federal question and/or in which there is diversity of citizenship among the parties. *Smart v. Local 702 Intern. Broth. of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009)(citing 28 U.S.C. §§ 1331-32). A plaintiff objecting to the removal may file a motion asking the district court to remand the case to state court. *Caterpillar*, 519 U.S. at 69. BAC has done so here. The burden therefore rests on the Lowerys to demonstrate that removal was proper.

The Lowerys have explained their removal of the action as follows: an action is removable if a federal officer or agency as a defendant. This rule is triggered when the federal sovereign is sued in a state court. The people are sovereign. The Lowerys are people. Thus, when the Lowerys were sued by BAC, the action was removable to federal court.

The Lowerys indulge themselves in a fallacy when they equate themselves with the federal sovereign for purposes of identifying an action which can be removed to federal court. The United States is not named as a defendant. There is no indication that the United States has an interest in the real estate or in the promissory note signed by the Lowerys secured by the mortgage. Moreover, even if the United States was named in the foreclosure, only the United States may seek removal. Additionally, no defendant has been improperly named in place of the United States or an agency or officer thereof.

BAC has shown the removal to have been improvident and not justified under any applicable statute. The Lowerys have not shown that removal was permissible or proper.

## Conclusion

BAC's motion to remand [5] is **granted.** A separate order consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/02/2011

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana